UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN GATES and SUSAN GATES,<br><br>                Plaintiff(s),<br>  v.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>                Defendant(s). | CASE NO. 2:22-cv-00787-TL<br><br>ORDER ON DEFENDANT'S MOTION FOR THIRD-PARTY COMPLAINT |

This is a case for auto insurance coverage and payment for vehicle damage incurred during transportation of the vehicle by a third party. Dkt. No. 1-2 (complaint). This matter is before the Court on Defendant USAA Casualty Insurance Company's ("USAA") motion to file a complaint against a third party (the "Motion," Dkt. No. 14). Having considered the relevant record, the Court hereby DENIES the Motion for the reasons below.

**I.     BACKGROUND**

According to the complaint, Plaintiffs John and Susan Gates (the "Gateses") suffered damage to their vehicle on August 8, 2021, when it was damaged while being transported from

Texas to Washington by Coastal Auto Transport ("Coastal"). Dkt. No. 1-2 ¶¶ 5.3–5.4. The Gateses' vehicle was insured by USAA, and the policy was in force and effect at the time of damage. *Id.* ¶ 5.1. USAA repeatedly declined to consider the Gateses' insurance claim for the vehicle damage until the Gateses first attempted to pursue coverage from Coastal's insurer. *Id.* ¶¶ 5.10–5.44. The Gateses brought suit in Washington Superior Court for King County against USAA for breach of contract, violations of the Washington Consumer Protection Act (RCW 19.86 *et seq.*), bad faith, and Insurance Fair Conduct Act (RCW 48.30.015). *Id.* ¶¶ 6.1–9.8. On June 8, 2022, USAA filed an answer and removed to this Court, asserting diversity jurisdiction. Dkt. No. 1 ¶ 4 (removal based on diversity); Dkt. No. 1-2 at 35 (answer).

On October 5, 2022, USAA moved for leave to file a third-party complaint against Coastal, the transporter of the Gateses' vehicle at the time of its damage, pursuant to Federal Rule of Civil Procedure ("FRCP") 14(a)(1). Dkt. No. 14 at 1. USAA's proposed third-party complaint asserts a claim of negligence against Coastal. Dkt. No. 14-2 at 4.

Plaintiffs do not oppose the Motion, though they dispute certain of Defendant's characterization of the facts. Dkt. No. 15 at 2.

## II. LEGAL STANDARD

FRCP 14(a)(1) provides that a defending party—ordinarily a defendant—may bring a third party into the action, or impleaded, by "serv[ing] a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "Thus, a third-party claim may be asserted only when the third party's liability is in some way depend[e]nt on the outcome of the main claim and the third party's

liability is secondary or derivative" to the original claim in the action. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983) (affirming dismissal of third-party complaint that was "entirely different and independent" of the original complaint, though factually related).

Unless it is filed within 14 days after serving an answer, a third-party complaint may only be filed with the court's leave. Fed. R. Civ. P. 14(a)(1). Whether to grant leave to file a third-party complaint is within the discretion of the court. *See, e.g.*, *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988) (affirming dismissal of third-party complaint).

### III.  DISCUSSION

USAA's attempt to implead Coastal is plainly improper. As an initial matter, an impleader entails a defendant becoming a third-party plaintiff and asserting claims against a newly joined third-party defendant. *See* Fed. R. Civ. P. 14(a)(1). USAA's proposed complaint contains a claim of negligence asserted against Coastal seemingly *on behalf of the Gateses*, not USAA. Dkt. No. 14-2 at 4 (alleging Coastal is "liable *to the Gates[es]* for its negligence and the damage to the 2019 Dodge Ram 1500" (emphasis added)). USAA alleges no duty, much less breach of such duty, that Coastal owed to USAA itself. *See Ranger Ins. Co. v. Pierce Cnty.*, 192 P.3d 886, 889 (Wash. 2008) (en banc) ("In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." (quoting *Degel v. Majestic Mobile Manor, Inc.*, 914 P.2d 728, 731 (Wash. 1996) (en banc))). In short, USAA seeks to take over Plaintiffs' role and bring in Coastal as a second defendant against Plaintiffs. That is not an impleader. *See generally* Virginia A. Phillips & Karen L. Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 7:320 (Calif. & 9th Cir. eds. Apr. 2022 update) ("Plaintiff has the right to decide whom to sue. Defendant cannot use impleader to join someone who may be directly liable for plaintiff's injuries but whom plaintiff has chosen not to sue.").

1    USAA also fails to show that Coastal's liability "is in some way depend[e]nt on the
2 outcome of the main claim" or that Coastal's liability "is secondary or derivative" to the main
3 claim. *See One 1977 Mercedes Benz*, 708 F.2d at 452. The claims in this action involve the
4 breach of the insurance agreement between the Gateses and USAA, violations of the Consumer
5 Protection Act, bad faith, and violations of the Insurance Fair Conduct Act. Dkt. No. 1-2 ¶¶ 6.1–
6 9.8. These causes of action relate specifically to the contractual relationship between USAA and
7 the Gateses or USAA's specific actions. While USAA's proposed complaint asserts that "[t]o the
8 extent USAA CIC is required to make payments to the Gates[es] for the damage to the 2019
9 Dodge Ram 1500, USAA CIC is entitled to damages against Coastal and its insurer Southeastern
10 Insurance Services, LLC for Coastal's negligence" (Dkt. No. 14-2 at 4), USAA provides no
11 reason for why USAA would be able to recover against Coastal. In fact, there is no tort claim,
12 such that USAA might attempt to implead Coastal as a joint tortfeasor, *see, e.g.*, *Ellison v. Shell*
13 *Oil Co.*, 882 F.2d 349, 354 (9th Cir. 1989) (discussing California's comparative indemnity law
14 for concurrent tortfeasors), and USAA does not claim that it is entitled to indemnification,
15 subrogation, or other claim against Causal if the Gateses prevail in this action against USAA, as
16 might ordinarily be seen in an impleader action. While the Gateses do not formally oppose, they
17 also point to these clear deficiencies in USAA's Motion. Dkt. No. 15 at 1–2.
18    In merely two pages of argument, USAA primarily relies on the purpose of FRCP
19 14(a)—judicial efficiency—and that USAA's third-party claim against Coastal would be based
20 on a "common factual setting" as the current action. Dkt. No. 14 at 3–4. USAA also argues on
21 the basis of other factors for the Court's exercise of its discretion, such as whether the Gateses
22 would suffer any prejudice from the third-party claim. *Id.* at 4. But the Court need not reach
23 these considerations because USAA's request simply does not fit the scope of FRCP 14(a).
24

ORDER ON DEFENDANT'S
MOTION FOR THIRD-PARTY
COMPLAINT - 4

1   The two cases that USAA relies on do not support USAA's Motion. *United States v. Hawaii* contains no discussion of whether impleader was proper in the case, and the case concerned tort claims and third-party claims against an alleged joint tortfeasor, which are not at issue here. *See* 832 F.2d 1116, 1120 (9th Cir. 1987) (finding that federal statutes do not shield Hawaii from being held liable for negligence as a joint tortfeasor with the United States). And in *Navigators Management Co. v. Expeditors International of Washington, Inc.*, the third-party claim at issue was for indemnity against a third-party defendant with whom the defendant/third-party plaintiff had a contractual relationship, and the third-party claim was brought pursuant to FRCP 14(c), which is specifically for admiralty or maritime claims—none of which is at issue in this case. *See* No. C21-1598, 2022 WL 656208, at *1 (W.D. Wash. Mar. 4, 2022) (permitting third-party claim where insurer of damaged cargo's owner brought subrogation action against a non-vessel common carrier charged with carrying the cargo, which then sought to implead the ocean carrier who carried the cargo at the time of damage); *see also Navigators Mgmt. Co.*, Dkt. No. 11 at 2–3 (W.D. Wash. Mar. 11, 2022) (third-party complaint causes of action).

The Court recognizes that some judicial efficiency may be achieved with the joining of Coastal in this action. But USAA's request to implead Coastal through a third-party claim of negligence against Coastal is not the proper vehicle to do so, at least as presented to the Court.

## IV.  CONCLUSION

Accordingly, Defendant's Motion (Dkt. No. 14) is DENIED without prejudice.

Dated this 17th day of March 2023.

Tana Lin
United States District Judge