UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GATES and SUSAN GATES, a married couple,<br><br>                    Plaintiff,<br><br>  v.<br><br>USAA CASUALTY INSURANCE COMPANY, a foreign insurer,<br><br>                    Defendant. | CASE NO. 2:22-cv-00787-RJB<br><br>ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment Against Defendant USAA (Dkt. 18). The Court is familiar with the records and files herein and all documents in support of and in opposition to the motion. For the following reasons, the motion should be denied.

This being a summary judgment motion, the following standard applies:

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

1  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
2  showing on an essential element of a claim in the case on which the nonmoving party has the
3  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue
4  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find
5  for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
6  (1986) (nonmoving party must present specific, significant probative evidence, not simply "some
7  metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is
8  sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve
9  the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986);
10 *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

11       The determination of the existence of a material fact is often a close question. The court
12 must consider the substantive evidentiary burden that the nonmoving party must meet at trial,
13 which is a preponderance of the evidence in most civil cases. *Anderson,* 477 U.S. at 254; *T.W.*
14 *Elect.,* 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the
15 nonmoving party only when the facts specifically attested by that party contradict facts
16 specifically attested by the moving party. The nonmoving party may not merely state that it will
17 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
18 to support the claim. *T.W. Elect.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at
19 255). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"
20 will not be "presumed." *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888–89 (1990).

21       Pleadings filed indicate that in order to resolve this motion, it will be necessary for the
22 trial court to have full knowledge of all relationships between plaintiffs and the defendant
23 insurance company. It would not hasten matters to separate out matters relating to the obligation
24

ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

to pay Plaintiffs under the subject insurance policy without the full consideration of all matters and claims filed in support of and in opposition to the coverage issues raised by the pleadings -- breach, causation, damages, coverages, procedure, settlement offers by Defendant and third party Costal Auto Transport, Consumer Protection Act, bad faith, Insurance Fair Conduct Act, among possible others.

Furthermore, it appears that <u>Part D - Physical Damage Coverage</u> of the policy provides that, "If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits." Dkt. 22 at 3, lines 15-17. That paragraph, and the briefing of the parties about it, raises mixed issues of fact and law that must be resolved before finalizing the question of payment for Plaintiffs' loss under the USAA policy.

As stated above, in order to fully rule on all of the issues raised by the pleadings, it will be necessary to have full knowledge of the accident, the loss, the provided insurance coverage, and whether both parties acted appropriately and within the terms of the subject policy. It would be premature to conclude that the claim under the subject policy should be granted, leaving the details of damages for trial. The motion should be denied, and the matter should continue to be prepared for trial.

It also appears to the Court that it is way past time for both parties to get out their settlement pens and carefully examine the benefits and risks of settlement to see if the matter may be resolved summarily without trial.

It is now ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Dkt. 18) is hereby DENIED.

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing pro se at said party's last known address.
3  Dated this 28th day of March, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge